Case 7:15-cv-00486 Document 13 Filed in TXSD on 04/12/16 Page 1 of 4

United States District Court
Southern District of Texas

**ENTERED**
April 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERT ALAFA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-486 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending before the Court is Wells Fargo Bank, N.A.'s ("Defendant") Rule 12(b)(6) motion to dismiss.[1] Robert and Rachel Alafa (collectively "Plaintiffs") did not respond to the instant motion. After considering the motion, record, and relevant authorities, the Court **GRANTS** the unopposed motion.

**I.    Background**

On August 31, 2015, Plaintiffs filed an application for temporary restraining order and temporary injunction in state court to prevent Defendant from foreclosing on their home.[2] Plaintiffs asserted no cause of action in their application for injunctive relief but noted that Plaintiffs "have been taking advantage of the Home Affordable Modification Program ("HAMP")."[3] On August 31, 2015, the state court granted the temporary restraining order and set the parties for a hearing on the request for temporary injunction.[4] Thereafter, the case was removed to this Court on November 19, 2015 on the basis of diversity jurisdiction.[5]

---

[1] Dkt. No. 12.
[2] Dkt. No. 1, Attachment 3.
[3] *Id*.
[4] Dkt. No. 1, Attachment 5.
[5] Dkt. No. 1.

On November 20, 2015, the Court ordered the parties to appear for an initial pretrial conference on January 12, 2016. At the initial pretrial conference, the Court found that Plaintiffs' petition was insufficient to allege a cause of action under the Federal Rules of Civil Procedure, and ordered Plaintiffs to file an amended complaint within ten days.[6] Moreover, the Court warned Plaintiffs that failure to properly state a cause of action would result in dismissal of the case.[7]

Consequently, a written order was sent out on January 12, 2016, memorializing the order for Plaintiffs to file their amended complaint within ten days.[8] Plaintiffs then filed their amended complaint on January 25, 2016 and Defendant moved to dismiss on February 8, 2016. As noted, Plaintiffs have not responded. The Court now addresses the merits of Defendant's motion to dismiss.

## II.     Cautionary Note

As an initial matter, the Court notes that Defendant has failed to comply with the Federal Rules of Civil Procedure in its filings. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."  Rule 10(b) in turn states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Defendant's motion to dismiss lacks numbered paragraphs, which hinders the Court's reference to its arguments. Defendant is cautioned that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

---

[6] *See* Minute Entry for January 12, 2016.
[7] *Id*.
[8] Dkt. No. 9.

### III. Legal Standard

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff."[9] For the complaint to state a valid claim, it must show that the plaintiff is entitled to relief: "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[10]

In turn, to show that the plaintiff is entitled to relief and thus to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] The facts will give the claim facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] If the plaintiff fails to plead sufficient factual content to support the legal conclusion which he asks the Court to draw, then the complaint will be dismissed. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

In the instant case, this Court's jurisdiction is invoked on the basis of diversity of citizenship. Consequently, this Court must adhere to grounds of relief authorized by the state law of Texas.[14] Thus, if Plaintiffs fail to allege sufficient facts to support the legal conclusion, or fails to allege a viable cause of action in state law, the Court will dismiss the complaint.

---

[9] *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citation omitted).
[10] FED. R. CIV. P. 8(a).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[12] *Id.* (citing *Twombly*, 550 U.S. at 556).
[13] *Id.* (citing *Twombly*, 550 U.S. at 555).
[14] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

### IV. Discussion

As basis for the motion, Defendant asserts that Plaintiffs do not state a cause of action but rather "make unsubstantiated complaints about Defendant's conduct related to the attempted foreclosure."[15] The Court agrees. Indeed, Plaintiffs' amended complaint does not even attempt to assert a cause of action but merely states "the lawsuit was filed to stop the foreclosure until [Defendant] had completed its review of [Plaintiffs'] HAMP application."[16] Furthermore, Plaintiffs contend that the "case was filed as a case in equity, not as a law case."[17] While there may be equitable claims that have been found to exist in foreclosure situations, Plaintiffs have not made any equitable claims here. Simply claiming that a case is made in equity is not sufficient to assert an equitable claim. Thus, the Court finds there is no claim asserted in Plaintiffs' amended complaint, either in law or in equity. Since Plaintiffs have not stated a claim under which relief can be granted, the Court **GRANTS** Defendant's motion to dismiss.

### V. Holding

Based on the foregoing, the court finds that dismissal of the action is proper. Thus, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITH PREJUDICE** Plaintiffs' complaint in its entirety for failure to state a claim upon which relief may be granted. This is a final order.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of April, 2016.

_____
Micaela Alvarez
United States District Judge

---

[15] Dkt. No. 12 at p. 3.
[16] Dkt. No. 11 at ¶ 12.
[17] *Id.* at ¶ 10.